■ In the Matter of JOHN L. CREHAN et al., Respondents, v. CHARLES R. THOM, as Commissioner of the Suffolk County Police Department, et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act, in which an order was previously made on April 22, 1960 and affirmed by this court (*Matter of Crehan* v. *Thom*, 12 A D 2d 502), directing the transfer of the three petitioners (and one other presently not involved) from a village Police Department to the Suffolk County Police Department, the Police Commissioner and the Civil Service Commission of Suffolk County appeal from an order of the Supreme Court, Suffolk County, made and entered September 19, 1961 upon the decision of the court after a hearing, which granted the petitioners' application, made pursuant to section 1303 (article 78) of the Civil Practice Act, to enforce said prior order, and which awarded to each petitioner his salary from the date of his transfer on January 1, 1960 to the date of his purported discharge on April 12, 1961. Order reversed on the law without costs, and application remitted to the Special Term of the Supreme Court, Suffolk County, for the purpose of holding a further hearing and determining the amount due to each petitioner for the nine-month period January 1, 1960 to September 30, 1960, and for the purpose of making an appropriate order not inconsistent herewith. No questions of fact were considered. Under the circumstances and in the light of such defenses as were interposed, the maximum period of nine months during which a provisional appointee may be employed (Civil Service Law, § 65) must be deemed to commence as of the time the transfer of the petitioners should have been effected. There were no legal successive provisional appointments; nor did petitioners render services as such provisional employees. It was immaterial, therefore, that on April 12, 1961 the Police Commissioner and the Civil Service Commissioner of Suffolk County undertook to terminate petitioners' services as of January 1, 1960; compensation could not be had beyond the nine-month period during which petitioners held the status of provisional employees. The compensation of each of the petitioners, therefore, must be limited to the salary which he would have received during the nine-month period commencing January 1, 1960 and ending September 30, 1960, less any offsets within the meaning of section 77 of the Civil Service Law. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.